# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00314-MOC-DSC

| | |
|---|---|
| PAIGE RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MUNICIPAL EMERGENCY SERVICES, INC. AND ERIC JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand to Mecklenburg County Superior Court" (document #6), and the parties' associated briefs and exhibits. See documents ## 6, 12 and 16.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion to Remand be granted as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 27, 2013, Plaintiff filed this action in Mecklenburg County Superior Court alleging state law claims for sexual assault and battery, negligent hiring, supervision and retention, and intentional infliction of emotional distress. Plaintiff alleges that she accompanied

1

her mother to work at one of Defendant Municipal Emergency Services' (MES) Charlotte locations during the summer of 2010. Plaintiff was a minor at that time.[1] She alleges that Defendant Johnson, a supervisor at MES, "sexually molested" her.

MES is a Nevada corporation with its headquarters in Connecticut. Plaintiff and Johnson are citizens of North Carolina.

On August 7, 2013, Plaintiff filed a North Carolina state form "Application and Order Extending Time to File Complaint" and "Civil Summons to be Served With Order Extending Time to File Complaint" with the Mecklenburg County Clerk of Court. The Order and Summons were issued by the Clerk's office.

On August 27, 2013, Plaintiff filed her Compliant along with a Summons addressed to MES and an "Alias and Pluries Summons" addressed to each Defendant. Plaintiff also filed a form entitled "Delayed Service of Complaint."

On December 2, 2013, Plaintiff served MES through its registered agent. MES does not contest service.

Plaintiff filed subsequent Alias and Pluries Summonses on November 18, 2013, February 14, 2014, and April 30, 2014. On the February 14, 2014 Summons, the pre-printed box labelled "Alias and Pluries" was not marked. Each Alias and Pluries Summons specifically referenced the Complaint and the chain of previous Summonses.

Plaintiff filed an Amended Complaint on June 4, 2014.

On June 13, 2014, MES removed the state action to the United States District Court for the Western District of North Carolina alleging diversity of citizenship subject matter

---

[1] Plaintiff reached her eighteenth birthday sometime in October 2010. The parties agree that the three-year statutes of limitations on Plaintiff's claims expired in October 2013.

jurisdiction.² MES contends that Johnson was fraudulently joined in order to defeat diversity. MES's main argument is that "[t]he state court summons Plaintiff issued to Johnson dated February 14, 2014, was not an Alias and Pluries summons, but was instead a regular summons, and Plaintiff's lawsuit therefore did not commence as to Johnson until February 14, 2014 - six months after the statute of limitations had expired." "Defendant's Response …" at 1 (Document #12). Defendant bases this argument upon Plaintiff's failure to check the "Alias and Pluries" box on the February 14, 2014 Summons.

On June 25, 2014, the Sheriff served the documents referenced above on Johnson's wife at their residence. Since MES also challenges the sufficiency of service by the Sheriff after the case was removed to federal court, Plaintiff obtained a Summons from this Court and served Johnson again on August 6, 2014. Johnson was served with copies of all above referenced documents as well.

On July 14, 2014, Plaintiff filed her Motion to Remand which has been fully briefed and is ripe for determination.

## II. **DISCUSSION**

Subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a case that has been removed must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court,

---

²Since the undersigned recommends remand, Plaintiff's arguments regarding the timeliness of MES' Notice of Removal have not been addressed.

noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A case falls within the district court's jurisdiction only where diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If any defendant resides in the same state as any plaintiff, complete diversity is lacking and there is no federal jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Here, the parties agree that diversity exists between Plaintiff and MES. The parties also agree that the amount in controversy exceeds $75,000. However, MES argues that Plaintiff fraudulently joined Johnson as a "sham" defendant in an effort to defeat diversity jurisdiction.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). The doctrine of fraudulent joinder "permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes, 198 F.3d at 461. In essence, the fraudulent joinder doctrine allows a court "to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." Id.

A defendant seeking removal of a state action to federal court bears a heavy burden of establishing that a non-diverse party has been fraudulently joined. See id. at 464. In order to establish the existence of fraudulent joinder,

the removing party must establish either: that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. (emphasis in original) (citation and alterations omitted). In applying this strict standard, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir. 1993). Furthermore, the Fourth Circuit has emphasized that the standard for evaluating fraudulent joinder "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). Courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id. at 425 (citation omitted).

In evaluating a claim of fraudulent joinder, all legal and factual issues must be resolved in favor of the plaintiff. Mayes, 198 F.3d at 464. The court "is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Id. (citation and internal quotation marks omitted).

For MES to establish fraudulent joinder here, it must demonstrate that Plaintiff has fraudulently pled jurisdictional facts or that she has no possibility of succeeding on her claims against Johnson in state court. See Marshall, 6 F.3d at 232-33.

MES argues that Johnson is a "sham" defendant because the statutes of limitations expired prior to Plaintiff serving him. Rule 4(c) of the North Carolina Rules of Civil Procedure provides that the time frame for personal service of a summons is within sixty days of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(c). However, the expiration of the sixty day period does not discontinue the action. Under Rule 4(d) plaintiffs can secure an endorsement to the summons or

5

obtain an alias and pluries summons within ninety days from the date of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(d).

North Carolina General Statute § 1A-1, Rule 4(d)(2) provides:

> [t]he plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue <u>of the last preceding summons in the chain of summonses</u> or within 90 days of the last prior endorsement.

<u>Id.</u> (emphasis added). The statute's reference to "the chain of summonses" is an implicit requirement that an alias and pluries summons contain a reference in its body "to indicate its alleged relation to the original." <u>Integon General Ins. Co. v. Martin</u>, 127 N.C. App. 440, 490 S.E. 2d 242 (1997) (quoting <u>Mintz v. Frink</u>, 217 N.C. 101, 104, 6 S.E.2d 804, 806 (1940)). Whether the summons is labelled alias and pluries is immaterial. <u>Id.</u>

Here, each subsequent Alias and Pluries Summons referenced the preceding Summonses. Accordingly, the chain of Summonses was not broken and Plaintiff's service on Johnson was timely. Since Plaintiff's claims are not barred by the statutes of limitations, the undersigned cannot find that there is no possibility that Plaintiff will be able to establish a cause of action against Defendant Johnson in state court. Therefore, MES has failed to carry its heavy burden of establishing fraudulent joinder. The undersigned respectfully recommends that Plaintiff's Motion to Remand be <u>granted</u>.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Remand to Mecklenburg County Superior Court" (document #6) be **GRANTED** and that this matter be **REMANDED** to Mecklenburg County Superior Court.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: September 3, 2014

David S. Cayer
United States Magistrate Judge