UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00314-MOC-DSC

| | | |
|---|---|---|
| **PAIGE RHODES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED |
| Vs. | ) | ORDER |
| | ) | |
| **MUNICIPAL EMERGENCY SERVICES, INC.** | ) | |
| **and ERIC A. JOHNSON,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the Magistrate Judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and Plaintiff has filed a timely response.

This matter presents the court with questions of subject matter jurisdiction, effectuation of service, and fraudulent joinder. Plaintiff initiated this action, which consists of only state law claims, in state court against Municipal Emergency Services ("MES") (an out of state defendant) and Mr. Johnson, a North Carolina resident. Defendant removed this case and Plaintiff then moved to remand, claiming that Mr. Johnson's North Carolina citizenship destroyed the complete diversity requirement of 28 U.S.C. § 1332. Defendants contend that jurisdiction in this federal court is proper in that Plaintiff fraudulently joined Mr. Johnson in this action in order to defeat diversity, and that after disregarding this fraudulently joined party, complete diversity exists between the parties.

1

**FINDINGS AND CONCLUSIONS**

I. **INTRODUCTION**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Magistrate Judge's recommendation.

The court has carefully considered the Magistrate Judge's findings and recommendation as to the disposition of the Plaintiff's Motion to Remand (#6), as well as the associated briefs and exhibits (##6-1, 12, and 16). The Magistrate Judge recommended that the motion be granted. Defendant MES has objected to the recommendation (#21) and Plaintiff has filed a timely response to such objections (#24). Having carefully considered the Magistrate Judge's recommendation, each objection, and the responses to each objection, the court will reverse the recommendation of the Magistrate Judge.

II. **LEGAL STANDARDS**

### A. *Removal, Subject Matter Jurisdiction, and Fraudulent Joinder*

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal jurisdiction strictly because removal implicates significant federalism concerns. Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005). Without a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). The burden of establishing federal jurisdiction is on the party seeking removal. Id. Removal based on diversity jurisdiction, as asserted here, requires complete diversity of all parties and an amount in controversy over $75,000. 28 U.S.C. § 1332.

Under the doctrine of fraudulent joinder, "a district court can assume jurisdiction over a case even if, *inter alia,* there are nondiverse named defendants at the time the case is removed. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (internal citations omitted). As noted by the Magistrate Judge, in order to establish fraudulent joinder, "the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). "Although the Fourth Circuit has not directly addressed the issue, many federal courts consider a statute of limitations defense as a basis for finding fraudulent joinder." Selfridge v. Boston Scientific Corp., No. 2:12-CV-02035,

3

2013 WL 1390680, at *4 (S.D.W. Va. Apr. 4, 2013) (citing cases from *inter alia*, the Third, Fifth, and Ninth Circuits).

## B. *Service of Process*

The validity of service of process in an action before it is removed to federal court is determined by the law of the state pursuant to which service was made. See, e.g., Brazell v. Green, 67 F.3d 293, 1995 WL 572890 (4th Cir. 1995) (unpublished); 4A Fed. Prac. & Proc. Civ. § 1082 (3d ed.). Rule 4 of the North Carolina Rules of Civil Procedure governs the procedures for service of process in the state. N.C. GEN. STAT. § 1A-1, Rule 4 (2011). A summons must be issued within five days of the filing of a complaint. Id. § 1A-1, Rule 4(a). That summons must then be served on a defendant "within 60 days after the date of the issuance of summons." Id. § 1A-1, Rule 4(c). However, a plaintiff who is unable to serve a defendant within the sixty-day period allowed for service following the initial issuance of a summons may continue the action by suing out an alias and pluries summons. Id. § 1A-1, Rule 4(d). The Rules provide:

> [t]he plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

Id. § 1A-1, Rule 4(d)(2). "The function of an alias and pluries summons is to keep a lawsuit alive and maintain the original date of the commencement of the action when the original summons has not been properly served upon the original defendant named therein." Tyson v. L'Eggs Products, Inc., 351 S.E.2d 834, 837 (N.C. Ct. App. 1987). As noted by the Magistrate Judge, the statute's reference to "the chain of summonses" is an implicit requirement that an alias and pluries summons contain a reference in its body "to indicate its alleged relation to the original." Integon General Ins. Co. v. Martin, 490 S.E. 2d 242, 244 (N.C. Ct. App. 1997) (quoting Mintz v.

4

Frink, 6 S.E.2d 804, 806 (N.C. 1940)). Thus, "the validity of an alias or pluries summons is dependent on the validity of the original summons." Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 381 (N.C. Ct. App. 2005).

Rule 4(b) requires that the summons "shall be directed to the defendant or defendants and shall notify *each defendant* to appear and answer within 30 days after its service upon [the defendant or the defendants]...." N.C. GEN. STAT. § 1A-1, Rule 4(b). The summonses must be valid as to all parties in the action. Stack, 614 S.E.2d at 382 ("The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced… Such notice cannot be accomplished when service of summons is not made to each individual defendant.").

It is well settled that the "summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court." Childress v. Forsyth Cty. Hosp. Auth., Inc., 319 S.E.2d 329, 332 (N.C. Ct. App. 1984) (citation omitted), *disc. review denied,* 325 S.E.2d 484 (N.C. 1985). "The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." Latham v. Cherry, 433 S.E.2d 478, 481 (N.C. Ct. App. 1993), *cert. denied,* 441 S.E.2d 116 (N.C. 1994). "In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." Id.

### III. FACTS OF THE CASE AND TIMELINE OF EVENTS

Plaintiff's causes of action arise from events occurring in Mecklenburg County in the summer of 2010. Plaintiff was a 17-year-old minor at the time; her 18th birthday was in October 2010. The parties agree that the statute of limitations on Plaintiff's claims expired as of October 2013. The undisputed facts relevant to the summons issued in this case follow.

Plaintiff filed an "Application and Order Extending Time to File Complaint" with the Mecklenburg County Superior Court on August 7, 2013, which was granted. This application identified only one defendant—MES. On the same day, that court issued a "Civil Summons to be Served with Order Extending Time to File Complaint," also naming MES as the sole defendant. Plaintiff then filed her complaint and a "Delayed Service of Complaint" form on August 27, 2013. These documents named both MES and Mr. Johnson as defendants, though they did not identify Mr. Johnson's address. Also on August 27, 2013, Plaintiff sought, and the court issued, an alias and pluries summons as to both MES and Mr. Johnson. This alias and pluries summons references the original August 7, 2013 summons. The court issued another alias and pluries summons on November 18, 2013, which references the August 7 and 27 summonses. The court then issued another summons on February 14, 2014. Though the box marked "alias and pluries summons" was not checked off, the form explicitly referenced the previous summonses of August 7, August 27, and November 18.[1] The court issued a final alias and pluries summons on April 30, 2014, which referenced all of the four previous summonses. All of the alias and pluries summonses identify the August 7, 2013 summons as the "original summons."

Defendant MES was served in the state action on December 2, 2013. Defendant Johnson[2], however, was not served until June 25, 2014. MES filed a motion to dismiss on January 31, 2014, but never brought its motion to argument. After MES was served with Plaintiff's amended complaint on June 4, 2014, MES cancelled the hearing on its motion to dismiss and filed its notice of removal on June 13, 2014. At the time of removal, Mr. Johnson

---

[1] The court adopts the decision of the Magistrate Judge in this respect and construes this summons as an alias and pluries summons.
[2] The court acknowledges the typographical error made in its first order with regard to the spelling of Mr. Johnson's name and thanks plaintiff's counsel for bringing the error to the court's attention.

6

had not yet been served. On August 1, 2014, this court issued a summons in this matter, which was served upon Mr. Johnson on August 6, 2014.

## IV. THE PARTIES' CONTENTIONS

### A. *Timeliness of Removal*

The parties dispute the timeliness of Defendants' removal, which the court will address first. Generally, under 28 USC § 1446(b), a defendant must file a notice of removal within 30 days after service of the complaint. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). Defendant MES was served in this matter on December 2, 2013. MES filed a notice of removal in this matter on June 13, 2014. Thus, removal was clearly not effectuated within thirty days. Defendants argue that removal was proper because MES filed a notice of removal within thirty days of learning that the action was removable. Defendants claim that they only learned about the defects in the summonses as to Mr. Johnson upon reviewing the state court record in June 2014 when preparing to argue for their motion to dismiss. Defendants state that prior to learning about these defects, they could not have properly argued for removal because Mr. Johnson's citizenship would have destroyed the diversity requirement.

The only argument that Plaintiff offers with regard to timeliness of removal is that if Defendants wished to raise arguments of defective summons and service issues, the "best path" would have been for them to seek relief in state court and remove the action only after a finding from the state court that it lacked jurisdiction over Mr. Johnson. Plaintiff, however, offers no

7

legal support for its contentions that Defendants should have asked the state court, instead of this court, to determine the matter. Consequently, the court finds that removal was proper and that this court has jurisdiction to determine the matter of fraudulent joinder.

### B.  *Fraudulent Joinder Based on Defective Summonses*

Getting to the heart of Defendants' objections to the Magistrate Judge's Memorandum and Recommendation, Defendants claim that Plaintiff fraudulently joined Mr. Johnson in this action. Defendants argue that there is no possibility that Plaintiff would be able to establish a cause of action against Mr. Johnson in state court because the statute of limitations on the state law claims had run before Plaintiff properly named him as a party to the action. Defendants premise this argument on alleged deficiencies with the summons and service documents. Specifically, Defendants argue that the February 14, 2014 alias and pluries summons was the only original summons ever issued as to Mr. Johnson, and that the August 7, 2014 summons, which the later summonses refer to as the "original summons," does not apply to him.  Plaintiff argues in response that both defendants were properly served within the applicable statute of limitations (through the time extensions granted through the alias and pluries summonses), that there is no basis for finding any defect in the service of process, and that accordingly, Defendants cannot show that the Plaintiff cannot bring a valid cause of action in state court. Plaintiff argues in the alternative that even if service on Mr. Johnson in the state court action was improper, the service effectuated after removal is valid and thus, Mr. Johnson's citizenship destroys diversity in this matter.

In analyzing the appropriateness of a remand in this case, the Magistrate Judge focused his decision on whether the "chain of summonses" had been broken by the February 14, 2014 summons, which is missing a check mark indicating the summons as an alias and pluries

8

summons. Despite the absence of such mark, the Magistrate Judge found that it nonetheless qualified as an alias and pluries summons through its reference to the previous summonses. The Magistrate Judge found that "whether the summons is labelled alias and pluries is immaterial," that the proper analysis focuses on whether the summons references the previous summons, and that in this matter, none of the summonses "broke the chain." The court agrees with the Magistrate Judge's analysis in this respect. However, in its objections, Defendant specifically objected to "the Magistrate Judge's failure to recognize that the August 7, 2013 original summons was issued as to MES only, not [Mr.] Johnson" and "the Magistrate Judge's failure to find that the issuance of a valid original summons is a necessary prerequisite for any subsequent alias and pluries summons." The court believes that the issue regarding the validity of the original summons merits further inquiry.

In their objection on this point, Defendants cite an instructive 2005 case from the Court of Appeals of North Carolina that addressed a similar issue as the one presented here—Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 381 (N.C. Ct. App. 2005). Notably, Defendants did not cite this case before the Magistrate Judge, but did so only in their objection to the Magistrate Judge's Memorandum and Recommendation. While the facts of Stack are certainly somewhat distinguishable from the matter at hand, the court's analysis and explanation of the state rules governing summonses and service of process are applicable here. In Stack, the plaintiff, after filing an initial complaint against a medical center ("Union Regional") and then voluntarily dismissing all pending claims, filed a second complaint, naming two defendants—Union Regional and the Carolinas Healthcare Foundation ("the Foundation"). The summons was issued only as to the registered agent of the Foundation. No summons was issued or served as to Union Regional. After the Foundation moved for summary judgment, the plaintiff obtained a

9

civil summons for Union Regional and served the summons and the complaint. Union Regional filed a motion to dismiss, contending that this summons was a new summons (as opposed to an alias and pluries summons) and that because it had been issued after the statutorily prescribed time frame for a new action based on the same claim, the claim against it must be dismissed. In assessing Rule 4 of the North Carolina Rules of Civil Procedure, discussed *supra*, the North Carolina Court of Appeals held that "[s]ince the original civil summons was not directed to Union Regional, the subsequent issuance of a summons against Union Regional did not relate back to the original summons." Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 381 (N.C. Ct. App. 2005). The court found that because the original summons was not directed to or served on Union Regional, but rather an entirely different entity, Rule 4(d) did not apply and the subsequent summons was not a valid alias or pluries summons relating back to the original summons. Id. The court thus held that plaintiff's service of process on Union Regional fell outside of the statutorily authorized time and upheld the trial court's granting of summary judgment to Union Regional. Id. at 326.

In Stack, the North Carolina Court of Appeals also discussed its previous decision in Roshelli v. Sperry, 305 S.E.2d 218, 219 (N.C. Ct. App. 1983), noting:

> In Roshelli, the plaintiff filed a complaint on 27 March 1981 against the defendant seeking recovery for personal injuries when the defendant's daughter negligently drove the defendant's car. A summons was issued that same day in the name of the defendant's daughter. However, a summons was not issued in the name of the defendant until 7 April 1981, eleven days after the complaint was filed. We held that the 7 April 1981 summons did not relate back to the 27 March 1981 summons: "The purpose of Rule 4(d) is only to keep the action alive by means of an endorsement on the original summons or by issuance of an alias or pluries summons in situations where the original, properly directed summons was not yet served." *Since the original summons was not properly directed to the defendant, and was actually served on another individual, Rule 4(d) did not apply and the summons was not a valid alias or pluries summons*.

Stack, 614 S.E.2d at 381 (internal citations omitted) (emphasis added). Thus, the North Carolina Court of Appeals has made clear that in order for an alias and pluries summons to be valid as to all parties, the original summons must clearly be directed to all parties.

Here, the parties agree that the original summons—the summons issued on August 7, 2013 and the one listed as the "original summons" on each of the four consecutive alias and pluries summonses—named only MES as a defendant. Thus, even if the alias and pluries summonses properly related back to the original and the "chain of summonses" accurately referenced the relation to the original, such alias and pluries summonses cannot be proper as to a defendant who was not named on the original. Here, the Magistrate Judge found that because the chain of summonses was unbroken, Plaintiff's service on Mr. Johnson was timely. The proper analysis, however, must also include an assessment of the original summons. Under applicable case law brought forth in Defendant's objections, the original summons must have named Mr. Johnson as a defendant in order for the subsequent alias and pluries summonses to be valid as to him. By both parties' admissions, it did not. Because Plaintiff failed to have an original summons issued as to Mr. Johnson before the statute of limitations ran on her claims, the state court lacks jurisdiction over Mr. Johnson. See In re K.A.D., 653 S.E.2d 427, 428 (N.C. Ct. App. 2007) (The "summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court.") (citing Childress v. Forsyth Cty. Hosp. Auth., Inc., 319 S.E.2d 329, 332 (N.C. Ct. App. 1984)). Because Defendants have shown that Plaintiff cannot assert her state-based causes of action against Mr. Johnson in state court, this court is satisfied that Mr. Johnson was fraudulently joined.

### C. Service after Removal

Plaintiff argues that even if state court service as to Mr. Johnson was not valid, the

service made on Mr. Johnson after removal was valid. This argument is misplaced. 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Id. "However, a defect in service that occurs prior to removal can be cured after removal by the federal court issuing new process or by an amendment of the original process." 4A Fed. Prac. & Proc. Civ. § 1082 (3d ed.). The Fourth Circuit recently reiterated its position on the issue of service after removal, noting that defects that cause actions to become time-barred cannot be cured:

> When a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, "service of process has not been perfected prior to removal," or "process served proves to be defective." 28 U.S.C. § 1448. Federal Rule of Civil Procedure 4(m) dictates that the plaintiff serve process within 120 days or be subject to a dismissal of her federal action without prejudice.
>
> Courts [of appeals] have held that this additional 120–day period does not apply to cases that "would have been dismissed as time-barred had it remained in state court." These courts rely on the reasoning that state law governs the case's procedure up to its removal, and a suit that failed to satisfy state procedural obligations cannot be revived by the language of § 1448. Put another way, the removal of a case to federal court cannot "breathe jurisprudential life in federal court to a case legally dead in state court."

Rice v. Alpha Sec., Inc., 556 F. App'x 257, 260 (4th Cir. 2014) (internal citations omitted). In Rice, the Court of Appeals found that it was not clear that the plaintiff's case was "legally dead" under state law, because plaintiff sought to take a nonsuit in the Virginia court system. Here, this matter does, in fact, appear to be "legally dead" as to Mr. Johnson, in light of the above analysis

finding that the summons in this case was defective altogether as to him and that Plaintiff's claims against him were thus time barred.

### D. *Plaintiff's Alleged Intentional Delay of Service*

Finally, Defendants fault the Magistrate Judge for not addressing their previous argument that Plaintiff's intentional failure to even attempt to serve Mr. Johnson for seven months after filing the complaint despite being fully aware of his correct address, and for failing to actually deliver a copy of a summons to him for ten months after filing the complaint. Because the court has found that Defendants have met their burden in showing fraudulent joinder in this matter, the court need not address this alternative argument.

### V. CONCLUSION

After careful review of Defendants' objections and the instructive case law presented to this court, which, notably, was not offered to the Magistrate Judge, the court determines that the recommendation of the Magistrate Judge is not fully consistent with current law. Based on Plaintiff's failure to properly issue a summons as to Mr. Johnson in accordance with the North Carolina Rules of Civil Procedure in this matter, Defendants have shown that Mr. Johnson was fraudulently joined. Because the amount in controversy and diversity of citizenship requirements of 28 U.S.C. § 1332 are met as to Plaintiff and Defendant MES, this court has jurisdiction over this matter. Based on such determinations, the court will reverse the Memorandum and Recommendation (#20), deny Plaintiff's Motion to Remand (#6), and dismiss Mr. Johnson as a party to this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#20) is **REVERSED,** Plaintiff's Motion to Remand is **DENIED** (#6), and Defendant Eric Johnson is

13

**DISMISSED** as a party in this action.

Signed: December 2, 2014

Max O. Cogburn Jr.
United States District Judge